## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| TERRENCE MCNEAL, | | |
| Plaintiff, | | CIVIL ACTION NO.: 2:20-cv-105 |
| v. | | |
| LINDA GETER; and ALL ADMINSTRATORS OF FSL JESUP, | | |
| Defendants. | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1.    Plaintiff's Eighth Amendment claims against Defendants All Administrators of FSL Jesup and Geter; and

2.    Plaintiff's respondeat superior claims against Defendant Geter.

However, I **FIND** that Plaintiff's some claims may proceed.  Specifically, the Court will direct service of, by separate Order, Plaintiff's Eighth Amendment excessive force claims against Defendants Freeman and Goarke.[1]

---

[1]    Although Plaintiff did not name Freeman or Goarke as Defendants in the caption of his Complaint, he has made factual allegations involving these individuals.  Thus, the Court construes Plaintiff's Complaint as asserting claims against Freeman and Goarke.  To that end, the Court **DIRECTS** the Clerk of Court to add FNU Freeman and FNU Goarke as Defendants upon the docket of this case.

## PLAINTIFF'S CLAIMS[2]

Plaintiff brings claims under <u>Bivens</u> relating to events occurring at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup").  Doc. 1.  On April 1, 2020, the Bureau of Prisons issued a nationwide lockdown.  <u>Id.</u> at 4.  Since then, tensions between prison officials and inmates have been escalating at FCI Jesup.  <u>Id.</u>  On August 5, 2020, those tensions came to a head, and the staff at FSL Jesup "engineered" a riot and attacked inmates, in violation of prison policy and the Eighth Amendment.  <u>Id.</u> at 1, 5–7.  Inmates were ordered to return to their cells by prison staff; Plaintiff complied but was shot and physically assaulted, nonetheless.  <u>Id.</u> at 1–3.  Specifically, Officer Freeman assaulted Plaintiff by grabbing him by the neck and slamming him into a wall, resulting in injuries to his back, neck, and shoulder.  Doc. 1-1 at 5.  Additionally, Counselor Goarke threatened inmates, including Plaintiff, when asked if inmates should return to their cells.  <u>Id.</u> at 2.  Plaintiff asserts prison officials also assaulted other inmates without cause, violating those inmates' Eighth Amendment rights.  <u>Id.</u>

Further, Plaintiff alleges other inmates who filed cases in federal court have faced retaliation and fears a similar outcome for filing his Complaint, though Plaintiff does not state he has faced any retaliation to date.  <u>Id.</u> at 7.  Plaintiff sues Defendant Geter, the Warden of FCI Jesup, and All Administrators of FSL Jesup.  Plaintiff seeks injunctive relief to remove administrative officials from FSL Jesup and strip them of qualified immunity, as well as monetary damages.  <u>Id.</u> at 8.

---

[2]     All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." <u>Waldman v. Conway</u>, 871 F.3d 1283, 1289 (11th Cir. 2017).

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.    Failure to State a Claim Against Defendants All Administrators of FSL Jesup and Geter**

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the

purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008)

("While we do not require technical niceties in pleading, we must demand that the complaint

state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

As to Defendant All Administrators of FSL Jesup, Plaintiff fails to describe who these

individuals are or how they are connected to any constitutional violation.  In fact, Plaintiff only

includes them as a part of the caption.  Accordingly, I **RECOMMEND** the Court **DISMISS**

claims against Defendant All Administrators of FSL Jesup.[3]

　　　　To the extent Plaintiff seeks to hold Defendant Geter liable for the acts of her

subordinates without alleging any personal involvement, his claim fails.  Plaintiff again only

includes Defendant Geter in the caption.  "It is well established in this circuit that supervisory

officials are not liable under [Bivens] for the unconstitutional acts of their subordinates on the

basis of respondeat superior or vicarious liability."  Darymple v. Reno, 334 F.3d 991, 995 (11th

Cir. 2003) (citations omitted).  To hold a supervisory official or an employer liable, Plaintiff

must demonstrate either (1) the supervisor actually participated in the alleged constitutional

violation, or (2) there is a causal connection between the actions of the supervisor and the alleged

constitutional violation.  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal

quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir.

1990)).  As noted above, Plaintiff has not alleged Defendant Geter participated in the events

forming the basis of any of Plaintiff's claims.  Moreover, Plaintiff has not proffered any reason

to support the conclusion Defendant Geter violated any of Plaintiff's constitutional rights.

---

[3]　　　As described herein, without naming others involved by name, providing some identifying
characteristics, or seeking discovery to obtain those identities, the Court cannot permit the claims to
proceed against any other Defendants.  However, if Plaintiff seeks leave to amend to identify individuals
specifically, the Court will consider such a request at that time.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Geter and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendant Geter. Accordingly, I **RECOMMEND** the Court **DISMISS** claims against Defendant Geter.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1.      Plaintiff's Eighth Amendment claims against Defendants All Administrators of FSL Jesup and Geter; and

2.      Plaintiff's respondeat superior claims against Defendant Geter.

However, I **FIND** that Plaintiff's some claims may proceed. Specifically, the Court will direct service of, by separate Order, Plaintiff's Eighth Amendment excessive force claims against Defendants Freeman and Goarke.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate

Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 11th day of January, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA