# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| TERRENCE MCNEAL, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:20-cv-105 |
| | * | |
| v. | * | |
| | * | |
| LINDA GETER, et al., | * | |
| | * | |
| Defendants. | * | |

### ORDER

Before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated January 11, 2020. Dkt. No. 6. In the Report, the Magistrate Judge recommended the Court dismiss Plaintiff's Eighth Amendment claims against Defendant All Administrators of FSL Jesup and Geter and Plaintiff's respondeat superior claims against Defendant Geter. Dkt. No. 4, p. 1. However, Plaintiff was permitted to proceed with his Eighth Amendment excessive force claims against Defendants Freeman and Goarke. Id. Additionally, the Magistrate Judge noted Plaintiff's claims against Defendant All Administrators of FSL Jesup should be dismissed because he does not specifically name or describe the

AO 72A
(Rev. 8/82)

individuals involved but advised Plaintiff if he identified those individuals, the Court would consider whether he stated cognizable claims. Id. at n.3.

In his Objections to the Report, Plaintiff first asserts the Magistrate Judge incorrectly dismissed his Eighth Amendment claims against Defendant Geter. Dkt. No. 6, p. 1. Plaintiff explains, for the first time, Defendant Geter entered the Federal Satellite Low compound with the individual who first opened fire on inmates. Id. Plaintiff contends this demonstrates she "actually participated" and shows the requisite causal connection between the actions of a supervisor (Defendant Geter) and the constitutional violation (excessive force). Id. Plaintiff's allegations state an Eighth Amendment excessive force claim based on supervisory liability against Defendant Geter. Thus, the Court **SUSTAINS** Plaintiff's Objection to the dismissal of Defendant Geter.

Additionally, Plaintiff identified those he previously described as "All Administrators of FSL Jesup." Id. at p. 1. Specifically, he alleges the personal involvement of Captain Burkett, Lieutenant J. Crum, and Lieutenant Talley.[1] Thus, Plaintiff's allegations now sufficiently connect a Defendant

---

[1] Plaintiff also alleges the personal involvement of Defendant Freeman, but as noted above, the Magistrate Judge found Plaintiff could proceed with his excessive force claim against Defendant Freeman. Dkt. No. 4, p. 1; Dkt. No. 5.

2

with a purported constitutional violation. Accordingly, the Court **SUSTAINS** Plaintiff's Objections. Plaintiff will be permitted to proceed with Eighth Amendment excessive force claims against Captain Burkett, Lieutenant J. Crum, and Lieutenant Talley. Further, the Court **DIRECTS** the Clerk of Court to add Captain Burkett, Lieutenant J. Crum, and Lieutenant Talley as Defendants upon the docket of this case.

After an independent and de novo review of the entire record, the Court **CONCURS in part** with the Magistrate Judge's Report and Recommendation, **ADOPTS in part** the Report and Recommendation as the opinion of the Court, and **SUSTAINS** Plaintiff's Objections. The Court **DISMISSES** Plaintiff's Eighth Amendment claims against Defendant All Administrators of FSL Jesup. However, the Court **SUSTAINS** Plaintiff's objections and permits him to proceed against Defendant Geter with his supervisory liability claim. Additionally, Plaintiff is permitted to proceed with his Eighth Amendment excessive claim against Captain Burkett, Lieutenant J. Crum, and Lieutenant Talley. Finally, the Court **DIRECTS** the Magistrate Judge to order service on Defendants Geter, Captain Burkett, Lieutenant J. Crum, and Lieutenant Talley, serving them with Plaintiff's Complaint, the Report and Recommendation, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, and a copy

AO 72A
(Rev. 8/82)

of this Order.

    **SO ORDERED**, this \_\_\_3\_\_\_ day of \_\_\_February\_\_\_, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4

AO 72A
(Rev. 8/82)